# Walkers' Appeal.

A decree confirming the report of an auditor affirmed upon the ground that "it would be unjust to the auditor and the judge of the common pleas to reverse the case upon a point not raised before them."

(Decided January 4, 1886.)

Appeal from a decree of the Common Pleas, No. 1, of Allegheny County confirming an auditor's report. Affirmed.

W. & H. Walker obtained a judgment against David McElvenny, and issued execution and levied upon the material and implements which defendant used in his business of making fertilizers out of the bones and spoiled meat gathered in the cities of Pittsburgh and Allegheny.  Notices were served upon the sheriff by employees of McElvenny to retain the amount of their wages out of the proceeds of the sale.  The sheriff paid the money into court, and the matter was referred to an auditor, who reported that the bone-boiling establishment was within the act of April 9, 1872, giving a lien to any "miner, mechanic, laborer, or clerk" employed in or about any "works, mines,

NOTE.—Ordinarily, objections not taken in the court below are considered waived, and will not furnish reason for reversal.  Re Road, 5 Pa. Super. Ct. S5; Bartholomew v. Lehigh County, 148 Pa. 82, 23 Atl. 1122; Patrick's Appeal, 105 Pa. 356; Rush v. Commissioners, 4 Pittsb. L. J. 717; Bingham v. Guthrie, 19 Pa. 418.  But, if a defect is plainly apparent on the face of the record, the appellate court will reverse (Bean's Road, 35 Pa. 280; Frankstown Twp. Road, 26 Pa. 472); or if the record shows no cause of action (Holfer v. Wightman, 5 Watts, 205); or if both parties treat the question as properly raised (Summerson v. Hicks, 142 Pa. 344, 21 Atl. 875).

manufactory, or other business where clerks, etc., are employed;" and awarded the employees the amount of their claims. This report was confirmed by the court, and the plaintiffs appealed.

*Isaac S. Van Voorhis* for appellants.

*Marshalls & Imbrie* for appellees.

OPINION BY JUSTICE PAXSON:

The appellants did not ask the auditor or the court below to pass upon the sufficiency of the notices to the sheriff. The auditor says in his report that "the only question raised before the auditor was as to whether or not they, the labor claimants, have preferred claims under the act of April 9, 1872, as amended by the supplement of April 9, 1883." It is true, there is a statement in the three pages of testimony printed at the close of appellants' paper book that "plaintiffs' counsel reserves the right to except to the form of notice." This testimony forms no part of the record; it does not appear to have been sent up by any order of court and is not certified. Conceding it to be here regularly, however, it does not help the appellants, for the reason that no such exception was filed before the auditor. On the contrary, it is plain that the whole battle below was fought upon the ground that the appellees did not come within either of the acts mentioned. It would be unjust to the learned auditor and the learned judge of the common pleas to reverse the case here upon a point not made before them.

We are in no doubt upon the main question. The auditor has found the establishment to be a manufactory, and we see no reason to question the correctness of his ruling.

The decree is affirmed and the appeal dismissed, at the costs of the appellants.